UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES TIMOTHY HENRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CR-107-RLJ-CCS-1 & |
| | ) | 3:14-CR-117-RLJ-CCS-1 |
| | ) | 3:16-CV-300-RLJ & 3:16-CV-301-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court are motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supplements thereto filed by Charles Timothy Henry ("Petitioner") which challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motions [Doc. 29 at No. 3:14-CR-107 and Doc. 24 at No. 3:14-CR-117], as supplemented [Doc. 31 at No. 3:14-CR-107 and Doc. 27 at No. 3:14-CR-117] will be **GRANTED**.

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

# I. BACKGROUND

On September 3, 2014, a grand jury sitting in the Eastern District of Tennessee returned a three-count Indictment against Petitioner charging him at Count One with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); at Count Two with selling a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d)(1); and at Count Three with distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [Doc. 1 at No. 3:14-CR-107]. On October 7, 2014, a grand jury sitting in the Eastern District of Tennessee returned another three-count Indictment against Petitioner charging him at Count One with possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); at Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and at Count Three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 1 at No. 3:14-CR-117].

On January 28, 2015, Petitioner entered a plea of guilty to Counts One and Three of the Indictment at No. 3:14-CR-107 and Counts One and Three of the Indictment at No. 3:14-CR-117 [Doc. 19 at No. 3:14-CR-107 and Doc. 15 at No. 1:14-CR-117].

The presentence investigation report ("PSIR") identified three previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a January 29, 2001, conviction for aggravated burglary in the Loudon County, Tennessee, Criminal Court [Doc. 21 ¶ 43 at No. 3:14-CR-107 and Doc. 16 ¶ 43 at No. 3:14-CR-117]; (2) a December 18, 2000, conviction for aggravated burglary in the Roane County, Tennessee, Criminal Court [Doc. 21 ¶ 44 at No. 3:14-CR-107 and Doc. 16 ¶ 44 at No. 3:14-CR-117]; and (3) a November 21, 2005, conviction for initiating

process to manufacture methamphetamine in the Blount County, Tennessee, Criminal Court [Doc. 21 ¶ 54 at No. 3:14-CR-107 and Doc. 16 ¶ 54 at No. 3:14-CR-117]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life as to each of Count One of the Indictment at No. 3:14-CR-107 and Count Three of the Indictment at No. 3:14-CR-117[2] and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 188 to 235 months [Doc. 21 ¶¶ 77, 78 at No. 3:14-CR-107 and Doc. 16 ¶¶ 77, 78 at No. 3:14-CR-117].

On April 30, 2015, Petitioner was sentenced to a total term of imprisonment of 180 months, consisting of 180 months as to each of Counts One and Three of the Indictment at No. 3:14-CR-107 and Counts One and Three of the Indictment at No. 3:14-CR-117, all to be served concurrently,[3] and a term of supervised release of 4 years, consisting of 4 years as to each of Count One of the Indictment at No. 3:14-CR-107 and Counts One and Three of the Indictment at No. 3:14-CR-117, and 3 years as to Count Three of the Indictment at No. 3:14-CR-107, all to run concurrently [Doc. 25 at No. 3:14-CR-107 and Doc. 20 at No. 3:14-CR-117]. Petitioner did not file a direct appeal.

On June 6, 2016, Petitioner, through court-appointed counsel, filed the pending § 2255 motions challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 29 at No. 3:14-CR-107 and Doc. 24 at No. 3:14-

---

[2] Petitioner's authorized statutory term of imprisonment on Count Three of the Indictment at No. 3:14-CR-107 was not more than 20 years and the authorized statutory term of imprisonment on Count One of the Indictment at No. 3:14-CR-117 was not less than 5 and not more than 40 years [Doc. 21 ¶ 77 at No. 3:14-CR-107 and Doc. 16 ¶ 77 at No. 3:14-CR-117].

[3] The concurrent sentences were directed to be served consecutively to any revocation sentence that may be imposed in docket number 2012-CR-32 in the Criminal Court of Meigs County, Tennessee [Doc. 25 p. 2 at No. 3:14-CR-107 and Doc. 20 p. 2 at No. 3:14-CR-117].

CR-117]. Supplements to those motions were filed on November 25, 2016 [Doc. 31 at No. 3:14-CR-107 and Doc. 27 at No. 3:14-CR-117].

The government's motions to defer ruling on Petitioner's motions pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), were granted by the Court on December 19, 2016 [Doc. 32 at No. 3:14-CR-107 and Doc. 28 at No. 3:14-CR-117]. On June 27, 2017, the Sixth Circuit issued its *en banc* decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 27, 2017, the parties filed joint status reports agreeing that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 34 at No. 3:14-CR-107 and Doc. 30 at No. 3:14-CR-117].

## II.    ANALYSIS

### A.    TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed the pending § 2255 motions raising *Johnson* claims on June 6, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

    **B.**    **STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## C. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

6

In this case, two of Petitioner's three predicate offenses were convictions for aggravated burglary in violation of Tenn. Code. Ann. § 39-14-403 [Doc. 21 ¶¶ 43, 44 at No. 3:14-CR-107 and Doc. 16 ¶¶ 43, 44 at No. 3:14-CR-117]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[4] and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary convictions under the Tennessee statute no longer can be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the

---

[4] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 34 p. 2 at No. 3:14-CR-107 and Doc. 30 p. 2 at No. 3:14-CR-117].

7

requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 180-month terms of imprisonment and 4-year terms of supervised release imposed by the Court as to Count One of the Indictment at No. 3:14-CR-107 and Count Three of the indictment at No. 3:14-CR-117 exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

In this case, the parties submit that the most appropriate form of relief would be to correct Petitioner's sentence on the two felon-in-possession offenses to 120 months' imprisonment and 3 years' supervised release, the non-ACCA statutory maximums for a violation of 18 U.S.C. § 922(g)(1) [Doc. 34 p. 3 at No. 3:14-CR-107 and Doc. 30 p. 3 at No. 3:14-CR-117]. The parties further propose a reduction in Petitioner's sentence on the two controlled substance offenses to a term of imprisonment of 130 months, the low end of the advisory guideline range that would have been applicable at the time of Petitioner's original sentence without the armed career

criminal enhancement [*Id.*].[5]  The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds the parties' proposal to be reasonable.  An order to that effect will enter accordingly.

## III.    CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motions [Doc. 29 at No. 3:14-CR-107 and Doc. 24 at No. 3:14-CR-117], as supplemented [Doc. 31 at No. 3:14-CR-107 and Doc. 27 at No. 3:14-CR-117].  The parties have recommended that a reduction in Petitioner's custodial sentence to 120 months on the two felon-in-possession counts of conviction and to 130 months on the two controlled substance offense counts of conviction would be the appropriate form of relief in this case [Doc. 34 p. 3 at No. 3:14-CR-107 and Doc. 30 p. 3 at No. 3:14-CR-117].

Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that the proposed sentence is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce Petitioner's term of imprisonment to 120 months as to each of Count One of the Indictment at No. 3:14-CR-107 and Count Three of the Indictment at No. 3:14-CR-117, and to 130 months as to each of Count Three of the Indictment at No. 3:14-CR-107 and Count One of the Indictment at No. 3:14-CR-117, all to be served concurrently.

---

[5] Petitioner's armed career criminal status increased his <u>total</u> offense level under the USSG from 27 to 31 but had no impact on his criminal history category, which would have been VI in any event [Doc. 21 ¶¶ 34–38, 60–61 at 3:14-CR-107 and Doc. 16 ¶¶ 34–38, 60–61 at 3:14-CR-117].  A total offense level of 27 with a criminal history category of VI would have resulted in an advisory guideline sentencing range of 130 to 162 months for a non-ACCA offender at the time of Petitioner's original sentencing. *See* U.S. Sentencing Guidelines Manual Ch. 5 pt. A.

Further, the Judgment imposed on April 30, 2015 [Doc. 25 at No. 3:14-CR-107 and Doc. 20 at No. 3:14-CR-117], will be amended to reflect a term of supervised release of 3 years as to each of Count One of the Indictment at No. 3:14-CR-107 and Count Three of the Indictment at No. 3:14-CR-117, to run concurrently with the 4-year term of supervised release previously imposed at Count One of the Indictment at No. 3:14-CR-117 and the 3-year term of supervised release previously imposed at Count Three of the Indictment at No. 3:14-CR-107.[6]

In all other respects, the Judgment imposed on April 30, 2015 [Doc. 25 at No. 3:14-CR-107 and Doc. 20 at No. 3:14-CR-117], shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**


ENTER:


s/ Leon Jordan
United States District Judge

---

[6] The parties are in agreement that a 4-year term of supervised release remains appropriate for Petitioner's conviction for possession with intent to distribute 5 grams or more of methamphetamine at Count One of the Indictment at No. 3:14-CR-117 [Doc. 34 p. 3 at No. 3:14-CR-107 and Doc. 30 p. 3 at No. 3:14-CR-117].